UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 1:17-mj-159 |
| | ) | |
| v. | ) | Charg. Dist. Case No. W055-7332003 |
| | ) | 0419 CIT07332003-001 |
| TAMMY R. GRANT | ) | Judge Steger |

## MEMORANDUM AND ORDER

Defendant Tammy R. Grant ("Defendant") came before the Court on November 15, 2017, in accordance with Rules 5 and 5.1 of the Federal Rules of Criminal Procedure, for an initial appearance on an Arrest Warrant and a Violation Report from the U.S. Pretrial Services Office in the United States District Court for the Western District of North Carolina in Asheville, North Carolina.

After being sworn in due form of law, Defendant was informed or reminded of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined that Defendant wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court APPOINTED Myrlene Marsa to represent Defendant with respect to further proceedings in this case in the Eastern District of Tennessee.

Defendant was furnished with a copy of the Violation Report and had an opportunity to review that document with her attorney. The Court determined that Defendant was capable of being able to read and understand the Violation Report. At the Court's request, AUSA James Brooks explained to Defendant the offenses detailed in the Violation Report. Defendant acknowledged that she understood the offenses with which she is charged in the Violation Report.

The Court explained to Defendant that she had a right to an identity hearing to determine whether she is the person named in the Violation Report; a right to production of the warrant (or a certified copy or electronic copy); and a hearing on the Government's motion for detention. The Court further explained to Defendant that she had a right to transfer these proceedings to the charging district, which, in this case, is the United States District Court for the Western District of North Carolina in Asheville.

Following consultation with her counsel, Defendant agreed to waive an identity hearing, production of the warrant, and a detention hearing in this Court, and to request transfer of those proceedings to the United States District Court for the Western District of North Carolina in

Asheville. The Court confirmed that Defendant would be entitled to such proceedings in the charging district at a date and time set by that Court.

It is, therefore, **ORDERED** that:

1. The Government's motion that Defendant be DETAINED WITHOUT BOND pending further proceedings in the United States District Court for the Western District of North Carolina in Asheville is **GRANTED**.

2. The U.S. Marshal shall transport Defendant to the United States District Court for the Western District of North Carolina in Asheville.

3. The Clerk of Court for the Eastern District of Tennessee shall promptly transmit all documents relating to this case to the Clerk of Court for the United States District Court for the Western District of North Carolina in Asheville.

4. The Clerk of Court for the United States District Court for the Western District of North Carolina in Asheville shall immediately notify the United States Attorney for such district of Defendant's arrival so that further proceedings may be promptly scheduled.

**ENTER.**

s/*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE